IN THE UNITED STATES DISTRIC COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **AISHA WRIGHT,** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| | § | |
| **vs.** | § | CASE NO. _____ |
| | § | |
| | § | JURY TRIAL    YES |
| **UNION PACIFIC RAILROAD  COMPANY,** | § | |
| **Defendant,** | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Aisha Wright ("Wright" or "Plaintiff"), *pro se,* complains of Defendant, Union Pacific Railroad Company (UPRR), and in support thereof would show as follows:

**JURISDICTION, PARTIES AND VENUE**

1. This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant 28 U.S.C. §1331 and §1332, Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and 42 U.S.C. §1981 ("Section 1981"), and the related anti-retaliation regulations set forth by Title VII and Section 1981.

2. Plaintiff Aisha Wright ("Wright" or "Plaintiff") 4206 Little York Rd., #11826, Houston, Harris County, TX 77293.  Wright is a female, African-American, individual who is 49 years old with 23 years of service.  Wright was/is protected by TCHRA, Title VII and 42 U.S.C. §1981.

3. Defendant Union Pacific Railroad Company is a business entity whose principal place of business is Omaha, Nebraska but which conducts business in the state of Texas. Defendant may be served via certified mail return receipt through its Chairman, President and CEO, Lance M. Fritz, at 1400 Douglas Street, Omaha, Nebraska, 68179.

## Background

1. Plaintiff previously filed suit against the company for discrimination, retaliation and hostile work environment while employed as a claim representative in Palestine, TX. The suit was filed for wrongfully disqualifying plaintiff from position and location in Palestine, TX, and forcing her relocate and change jobs. Houston, TX to work in warehouse.

2. Duane Merchant, Supervisor Supply Chain Operations was upset because plaintiff went above her authority to have vacation time approved. During the time plaintiff worked at warehouse she was never paid properly nor received claimed FMLA pay. Duane being fully aware of problems at prior location and started trying to find ways to damage plaintiff's employment record. Duane usually is never in attendance coming into the warehouse once or twice a week if at all.

3. Jim Eisele, Labor Relations, for not following agreed upon union contract, suggesting an escalated charge of subordination, and retaliation due to prior acts of a confidential nature that effected his department.

4. Dennis Williams, Local Chairman. Was witness to lack of transparency on the part of Duane Merchant, and was witness to the impartial investigation.

## Facts

1. This action is for monetary damages for Plaintiff arising from retaliation and wrongful termination. The plaintiff was pulled from service pending investigation July 23, 2018, and eventually terminated on August 23, 2018.

2. Plaintiff has been in the Warehouse since March 20, 2016, and has never been written up nor has had any complaints regarding plaintiff's work until July 19, 2018.

3. On July 19, 2018 at approximately 1445 hours, towards the end of shift, Duane Merchant, Senior Supervisor Supply Chain Operations, told the plaintiff she better come to her office before she leaves. After finishing for the day (1500) Plaintiff **complied** with request and went to Duane's office. After plaintiff arrived, she asked if she was being written up, and supervisor responded yes. At that point plaintiff requested a union representative be present. In response Duane said "Oh, you want me to call Dennis?" (Referring to the local chairman who represented me in Palestine) "Plaintiff said yes." Duane called Dennis from her phone and did not get an answer. Duane said Plaintiff better get back in her office so she could be coached. Plaintiff said that's fine but let her reach out to the national union representative. During plaintiff's attempts to reach the national representative, Duane kept going back and forth in her demeanor, from aggressive to being angry towards the plaintiff. At which point plaintiff called the internal EEOC to file a complaint because she felt like Duane was going to try to retaliate against her.

4.  Plaintiff finally reached the national union rep, Jeff, and she was in distress. Plaintiff explained

that Duane was trying to coach her even though she requested union representation and she

kept harassing and being confrontational even though no one was available at the time.  Duane

kept telling plaintiff she better come in her office for the coaching.  Jeff could hear plaintiff was

upset and couldn't breathe.  He stated plaintiff should call 911 or go to the emergency

room.  Jeff also asked plaintiff to tell Duane to call him which plaintiff did.  Plaintiff went to the

ER, and was informed that she was having a panic/stress attack.  Plaintiff went home after

leaving the emergency room and called Jeff back.  He was not available because he was flying to

a conference in Las Vegas.


5.  The next morning July 20, 2018, plaintiff reported to work as usual. At approximately around 8

am, Duane approached plaintiff with her hands on her hips, demanding a doctor's note, and

said she talked to Jeff, who stated the plaintiff went to the doctor.  Duane proceeded to say

that plaintiff had bad history with the UP railroad, and she (Duane) had mouths to feed.  Duane

said "since I thought we were cool and we needed to stick together, I thought we could keep

this in house. But since you went there yesterday, now I am going to have to escalate this." In

the meantime she said the plaintiff still needs to talk to her, and the plaintiff agreed but stated

she would record it.  Duane "stated angrily you can record it! Video tape it! Do what you need

to do! I do need for you to get your butt in here for this coaching like I said! Duane went back to

her office and then about an hour later she came and said are you ready to be coached? I said

yes, once a union representative becomes available and said I am still trying to reach out to

Jeff.

6.   Later, Duane approached plaintiff again and said I am not going to keep chasing you around this

warehouse in a demeaning, intimidating, bullying tone.  Plaintiff still felt scared and threatened

by how her supervisor was conducting herself in front of everyone.  Then Duane said she had a

union rep on the line, and plaintiff said ok. She gave the plaintiff a number to Esmeralda, a

union representative in California.  Esmeralda stated she was not comfortable participating in

the coaching because she would not be able to see the documents being presented. She also

stated to the plaintiff she was within her rights to request a union representative to be present

during her coaching session, and if one was not available to request a postponement.

Esmeralda stated she would not be able to participate in the proceeding.  Plaintiff relayed

information to Duane and asked for a postponement until a representative became available.

Duane sighed angrily and called Jim Isle from Labor Relations.  After her conversation with Jim,

she stated so you mean to tell me you're refusing? I said no I am asking for a postponement.

Duane said "are you failing to comply? I said no." Then I said once again I would like to wait

until a union rep becomes available.  Duane sighed again angrily and said to plaintiff, "well since

you don't know how to receive items, I sent out an email about weekly aisle cleaning" and said

to the plaintiff, she better do it.  Plaintiff stated that she had already started working on the

task and would continue to finish.

7.   After the weekend passed, plaintiff reported to work on Monday July 23, 2018 as

usual.  Around 0800 Duane approached and asked plaintiff again about coaching to which she

replied, she was still waiting for a union representative as I have not been able to reach one

yet. Duane said she better do the coaching now or plaintiff would be insubordinate! Duane

said if plaintiff didn't do the coaching then, she would escalate the matter and bring her up on

investigation. After again stating she needed a union representative in the coaching, Duane

walked away. Around 1220 on July 23, 2018, Duane told plaintiff to leave along with another

manager from the diesel shop and said plaintiff was being pulled out of service and ordered her

off the property.

8. On July 24, 2018 plaintiff received a call from the local representative Dennis and the national

union representative Jeff and told to show up as if she was going to work to meet with Duane

at office for the coaching on July 25, 2018 at 8:00 am. When I arrived I waited for Duane and

spoke to Manuel Munoz. He stated Duane was not there. Manuel tried to call Duane and

wasn't able to get in touch with her. Plaintiff then called Dennis to let him know Duane had not

come to work again. Dennis stated my status hadn't changed and for me go home.

9. On July 25, 2018, a notice of investigation was issued to plaintiff. The investigation was to be

held on July 30, 2018 at the Settegast Freight House for charge of insubordination and failure to

comply. The hearing was then postponed until August 15, 2018.

10. On August 15, 2018, plaintiff reported to hearing location. The hearing was not impartial. It was

concluded that the plaintiff never refused to have formal coaching and was only exercising her

rights as a union employee. Furthermore, false and coerced testimony was given, admitted and

then deleted during hearing. It was understood that plaintiff was never told she did not have a

right to have her union representative present during coaching.  During plaintiff's 23 year

career with railroad she was never told she could not be represented by union.

11. On August 23, 2018 plaintiff was formerly dismissed from service

## Damages

12. Defendant's conduct constitutes violations of statutory and/or common law. Such unlawful conduct

seriously affected Plaintiff in her occupation and Plaintiff has suffered, suffers, and continues to suffer

from direct injury as a proximate result of the unlawful discriminatory practices, policies and procedures

of Defendant.   Plaintiff has suffered, financial loss, Lost wages in the past and future; Lost health

insurance and related benefits in the past and future; Loss of pension retirement benefits; Reputational

harms; Emotional suffering in the past and future, humiliation, mental anxiety, stress; depression; Loss

of enjoyment of life; and All economic and compensatory relief to which she may show herself justly

entitled, punitive damages, pecuniary damages, attorneys' fees and costs of court, pre and post

judgment interest in the maximum amounts allowed by law pursuant to Title VII of the Civil Rights Act or

1964 and 1991, as amended and codified at 42 U.S.C. §2000e et seq.

Respectfully submitted this 16th day January, 2019

Aisha Wright, Plaintiff, pro se

4206 Little York RD # 11826

Houston, TX 77293

(903) 630-0916

EEOC Form 161 (11/16)   U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:   **Aisha Wright**
      **4206 little york rd # 11826**
      **Houston, TX 77293**

From:   **Houston District Office**
        **Mickey Leland Building**
        **1919 Smith Street, 7th Floor**
        **Houston, TX 77002**

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2018-06452 | **Stephen Damiani,** **Investigator** | **(713) 651-4921** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____                          10-7-2018
**Rayford O. Irvin,**                                     *(Date Mailed)*
**District Director**

Enclosures(s)

cc:

**Pete Jeyaram**
**Director EEO**
**UNION PACIFIC**
**1400 Douglas Street Stop 0130**
**Omaha, NE 68179**

**Texas Workforce Commission**
**Civil Rights Division**
**101 E 15th Street, Room 144T**
**Austin, Texas 78778**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 460-2018-06452 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms. Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Ms. Aisha Wright | **(903) 630-0916** | 1968 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4206 little york rd # 11826,  HOUSTON, TX 77293 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| UNION PACIFIC RAILROAD | | **(402) 544-4000** |

| Street Address | City, State and ZIP Code |
|---|---|
| 7100 Kirkpatrick Blvd,  HOUSTON,  TX 77028 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **07-19-2018**   Latest: **08-23-2018**

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. In 2016, I filed a discrimination lawsuit against Respondent and that lawsuit was settled in February of 2018.  On July 19, 2018, my supervisor, Duane Merchant, Black, Female, approached me to do a coaching session  She did so in a manner that I considered aggressive and hostile.  I told her that I wanted my union to be present and she attempted to contact my union.  Over the next 2 work days, Duane continued to approach me at work do to the coaching.  On both days, I was unable to reach a union representative so I did not do the counseling.  I was then written up for failing to do the coaching.  Ultimately I was terminated for what Respondent stated was insubordination by failing to do the coaching. Respondent was aware that it was my right to have the union present and I was not able to reach a union representative to accompany me to the coaching.

II. I believe  my discharge is retaliation based on my lawsuit in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Aisha Wright on 10-11-2018 11:02 AM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.   **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2.   **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.   **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.   **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.   **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.