UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
June 03, 2020
David J. Bradley, Clerk

| | | |
|---|---|---|
| Aisha Wright, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-19-203 |
| | § | |
| Union Pacific Railroad Company, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## Opinion on Dismissal

1.  *Introduction.*

    Aisha Wright's case is dismissed for failure to state a claim.

2.  *Background.*

    Wright worked for Union Pacific Railroad Company at its warehouse in Houston. On July 19, 2018, Wright's supervisor, Duane Merchant, told Wright to come to her office for coaching. Wright requested that a union representative attend. The next day she filed an internal complaint against Merchant for having a work environment that was hostile.

    On July 23, 2018, after multiple attempts to accommodate Wright's representation request, Merchant demanded that Wright complete the coaching, which was non-disciplinary. Wright refused and was then suspended pending investigation.

    After a hearing on August 15, 2018, Union Pacific Railroad terminated Wright for failure to comply and insubordination. Wright brought this action seeking damages for retaliation against her under the Railway Labor Act, the

Texas Labor Code, and Title VII of the Civil Rights Act of 1964. Union Pacific moved to dismiss for failure to state a claim upon which relief can be granted.

3.  *Retaliation.*

Wright did not establish a claim for retaliation. A case may be dismissed for failure to state a claim upon which relief can be granted. To survive, a plaintiff must assert a plausible claim supported by useful facts. Abstract conclusions are not facts. The facts must be relevant and specific enough so that the right to relief is more than speculative.[1]

A.  *The Railway Labor Act.*

Wright's claim that Merchant retaliated against her for requesting representation is not part of the Railway Labor Act. While the Act allows employees to organize and join unions, it does not say that an employee has a right to representation during coaching. Wright does not have a claim under the Act. The proper remedy in this case is arbitration.[2]

Even if the Act offered relief, Wright's complaint shows no  retaliation. Although cooperation by Union Pacific was not required, Merchant attempted to accommodate Wright's representation request; therefore, the facts support no retaliation.

B.  *The Texas Labor Code.*

Similarly, the Texas Labor Code does not guarantee the right to union representation. Wright's complaint indicates that she refused to complete the coaching because a union representative was "unavailable" to attend. The Texas Labor Code does not protect Wright's refusal to obey Merchant's order. On the pleaded facts, Wright simply does not have a law from this code that applies.[3]

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007).

[2] *Johnson v. Express One Intern. Inc.*, 944 F.2d 247, 252 (5th Cir. 1991).

[3] *City of Roundrock v. Rodriguez*, 399 S.W.3d 130, 132 (Tex. 2013).

C.    *Title VII of the Civil Rights Act of 1964.*

Wright claims that Union Pacific violated Title VII by retaliating against her for her earlier lawsuit against the company and for filing an internal complaint against Merchant. Her claim shows no connection between her termination and her 2016 lawsuit, which was settled in February 2018. No evidence supports that Merchant retaliated against Wright after she complained. Merchant removed Wright from service because she refused to complete the coaching.

While Wright makes fleeting references to a discrimination claim, her complaint contains no facts to support it.

4.    *Conclusion.*

Aisha Wright's case will be dismissed.

Signed on June ___1___, 2020, at Houston, Texas.

Lynn N. Hughes
United States District Judge