| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

United States District Court
Southern District of Texas
**ENTERED**
May 31, 2022
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Aisha Wright, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-19-203 |
| | § | |
| Union Pacific Railroad Company, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1. *Background.*

In the 1990s, Union Pacific Railroad Company hired Aisha Wright. In 2016, Wright transferred to the Houston warehouse to be a material handler. Duane Merchant was her supervisor. Merchant coached Wright at various times in her first two years in Houston in response to Wright's mistakes, but was not formally disciplined.

On July 10, 2018, Merchant talked with Wright about merchandise that had not been properly received.

On July 19, after reviewing the videotape, Merchant told Wright that a coaching was needed to address the missing merchandise. Wright requested a union representative. Merchant tried to contact the local union chairman, Dennis Williams, but could not reach him or another representative.

The next day, Merchant attempted to coach Wright, but she again requested a union representative. Merchant placed Wright on another administerial project. They contacted Montellingo, a California-based union employee, who said that she was unable to participate. Later that day, Wright filed an internal EEO complaint through the Company's internal line for gender discrimination and hostile work environment.

On July 23 – the next work day – Merchant again attempted to coach, and Wright requested a union representative. Merchant told her if she did not engage in the coaching, even without a representative, formal discipline would follow. Wright refused the coaching, so Merchant removed her from service and charged her with insubordination.

On August 15, 2018, after receiving a notice of investigation, an investigative, disciplinary hearing was held with the union representing her. A neutral manager, Craig Mitchell, reviewed the charge, hearing transcript, and supporting documents and held discharge was appropriate.

On August 23, Union Pacific fired Wright for insubordination. On August 28, an internal EEO worker interviewed Wright about her complaint.

On October 11, 2018, Wright filed a complaint with the EEOC – who issued a right-to-sue letter within a week.

On January 17, 2019, Wright sued Union Pacific for retaliation. Union Pacific has moved for summary judgment. It will prevail.

2. *Exhausting Administrative Remedies.*

A pre-condition of this lawsuit is that Wright must have exhausted her administrative remedies.[1] A charge properly exhausts a claim if it directly addresses it or is reasonably expected to grow from the charge.[2] This analysis depends on the facts of the situation and the charge.[3]

While it may be peculiar that Wright did not mention her July 2018 internal complaint in her charge, the conduct that she does complain about in the charge – essentially hostile treatment by Merchant – is similar to the conduct mentioned in her internal complaint. The court does understand Union Pacific's argument that Wright only explicitly addressed the 2016 lawsuit as the basis for her retaliation. Her complaints having similar subjects is adequate to be "reasonably expected to grow" and survive an exhaustion challenge.

---

[1] *Castro v. Tex. Dep't of Crim. Justice*, 541 Fed. Appx. 374, 379 (5th Cir. 2013).

[2] *Richardson v. Porter Hedges, L.L.C.*, 22 F. Supp. 3d 611, 665 (S.D.T.X. 2014); *see also Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993).

[3] *Pancheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006).

3.  *Retaliation.*

To succeed on a retaliation claim, Wright must first make a prima facie showing that: (a) she engaged in a protected activity, (b) an adverse employment action occurred, and (c) there was a causal link between them.[4] At this stage, a causal link can be shown "simply by showing a close enough timing between [her] protected activity and [her] adverse employment action."[5]

It is clear that the July 2018 internal complaint is a protected activity. Wright says she was essentially suspended when moved to an administerial project and then fired – both qualifying as an adverse employment action. The roughly one month period between her internal complaint and firing is sufficient for a prima facie causal link.

The burden then shifts to Union Pacific to give a legitimate, non-retaliatory reason for her firing.[6]

After an investigative disciplinary hearing, Union Pacific fired Wright for insubordination for refusing a coaching after improperly receiving goods that led to those goods being lost. This reason is more than adequate to be legitimate and non-retaliatory considering the importance of structural respect and Wright's history of mistakes.

The burden shifts back to Wright to show that this given reason is pretextual.[7] She must show that her internal complaint was the "but-for" cause of her suspension and firing.[8] Mere close temporal proximity alone is insufficient.[9] Wright must show – with more than speculative theories – that the decision-makers had actual knowledge of her 2018 internal complaint.[10]

---

[4] *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 425-27 (5th Cir. 2000).

[5] *Garcia v. Prof'l Cont. Servs., Inc.*, 938 F.3d 236, 242 (5th Cir. 2019).

[6] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004).

[7] *Septimus v. Univ. of Houston*, 399 F.3d 601, 608 (5th Cir. 2005).

[8] *Univ. of Tex. Sw. Med. Ctr. v. Nasser*, 570 U.S. 338, 360 (2013).

[9] *Strong v. Univ. Health Care Sys., L.L.C.*, 482 F.3d 802, 807 (5th Cir. 2007).

[10] *E.E.O.C. v. EmCare, Inc.*, 857 F.3d 678, 683 (5th Cir. 2017).

Wright argues causation with the short length of time between her complaint and firing. She calls Merchant and Jim Eisele the decision-makers. Wright also insists that Eisele had a pre-meditated, retaliatory motive to fire her.

Wright largely attacks Eisele's testimony as contradictory but offers no evidence to suggest that Eisele knew about her *2018 complaint* before her firing. Continuing to re-argue her 2016 lawsuit is empty. The evidence only shows that Eisele may have known in September 2018 – a month after she was fired. Her speculating that "Eisele's suggested discipline ... was influenced with knowledge of her internal ... complaint" is inadequate at this stage. Speculation is not evidence or a genuine dispute of fact.

Underlying this entire analysis is still the fact that Eisele was not even a decision-maker. His advice may have been sought, but he had no determinative say over the firing. The decision-makers were Merchant and Mitchell. Wright admits that she told neither of them, nor anyone else at Union Pacific, about her internal complaint before she was fired. She offers no evidence to show that they knew about her 2018 internal complaint in any capacity. Wright also tries to use the cat's-paw theory to impute retaliatory motive to Merchant and Mitchell. She over-extrapolates from the evidence to argue this influence. Her speculative theories are again inadequate.

The sole thing that Wright relies on is temporal proximity. This is wholly insufficient alone. The Court of Appeals has listed examples of what – along with temporal proximity – is adequate to defeat summary judgment: (a) disparate treatment, (b) harassment, (c) the stated reason being known for years, (d) a financial burden on the employer if the conduct is discovered, (e) unfounded performance concerns, (f) prior glowing reviews, (g) interference with an investigation, (h) disingenuous explanations, and (i) warnings from others to not engage in the protected activity.[11] Her firing may have occurred after her internal complaint, but, without *evidence* of anything more, she cannot show causation. What Wright characterizes as a suspension began before her internal complaint, so it does not even have temporal proximity to stand on for causation.

Wright's retaliation claim fails.

---

[11] *Brown v. Wal-Mart Stores, East, L.P.*, 969 F.3d 571, 581 (5th Cir. 2020).

4. *Conclusion.*

Aisha Wright will take nothing from Union Pacific Railroad Company.

Signed on May **31**, 2022, at Houston, Texas.

                              Lynn N. Hughes
                          United States District Judge